United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Carlos Alonso, as guardian of Angie Alonso, Plaintiff. | ) ) ) | |
| v. | ) ) | Civil Action No. 18-23668-Civ-Scola |
| Dr. Gladys Y. Alonso, M.D., Defendant. | ) ) ) | |

### Order Overruling the Plaintiff's Objections to Judge Torres's Order

Now before the Court is the Plaintiff's objections to Judge Torres's order denying the Plaintiff's motion requesting the Court to appoint a lawyer. For the reasons in Judge Torres's order (ECF No. 124) and set forth below, the Court **overrules** the Plaintiff's objections. (**ECF No. 126**.)

The Plaintiff Carlos Alonso, as guardian of Angie Alonso, filed suit against Dr. Gladys Alonso under the American with Disabilities Act ("ADA") and the Rehabilitation Act ("Rehab Act"). After discovery and an unsuccessful mediation, Plaintiff's counsel filed a motion to withdraw due to irreconcilable differences, and after the Court granted his motion on December 11, 2019, the Plaintiff filed a motion for appointment of counsel. The Court denied the motion, and Plaintiff once again filed a renewed motion for appointment of counsel. Judge Torres issued an order denying the renewed motion because the Plaintiff has no right to appointment of counsel under the ADA or Rehab Act and because the Plaintiff has not demonstrated that exceptional circumstances warrant appointment of counsel. (*See* ECF No. 124.) The Plaintiff has filed objections to Judge Torres's order, arguing that (1) Federal Rule of Civil Procedure 17 allows him to proceed in representing Angie Alonso as his guardian and (2) Angie Alonso is an incompetent person who cannot represent himself. The Court will address each objection in turn.

The District Judge must consider timely objections made to the Magistrate Judge's decision on a non-dispositive matter and set aside any part of the order that is clearly erroneous or is contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Clear error is a "highly deferential standard of review," and a finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville School District*, 425 F.3d 1325, 1350 (11th Cir. 2005).

The Plaintiff's first objection—that Rule 17 allows him to represent Angie Alonso pro se—is incorrect. Federal Rule of Civil Procedure 17(c) allows a non-attorney parent like the Plaintiff to sue on behalf of an incompetent child, but it does not confer any right upon such a representative to serve as legal counsel. *See Whitehurst v. Walmart*, 306 Fed. App'x 446, 449 (11th Cir. 2008) (even though a guardian can sue on behalf of a minor child, a non-lawyer parent has no right to represent a child in an action). A non-attorney parent would need an attorney to advocate on his or her behalf because non-attorneys can proceed pro se only in their individual capacities and on their own behalf. Judge Torres cited numerous cases for this proposition in his order. (ECF No. 124 at 6-7.)

Second, Magistrate Judge Torres correctly determined that the Plaintiff is not entitled to appointment of counsel. A Court may, in its discretion, appoint counsel for an indigent plaintiff. 28 U.S.C. § 1915(e)(1). After analyzing the relevant factors, Judge Torres exercised his discretion in concluding that there are no exceptional circumstances in this case and denied the Plaintiff's motion for appointment of counsel. (ECF No. 124 at 4-5.) That Angie Alonso is incompetent is not binding on the Court, and the Plaintiff cites no authority holding that it is. The Court agrees that the Plaintiff has not demonstrated that exceptional circumstances warrant the appointment of counsel in this case. *See Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) ("Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.").

In sum, the Court **overrules** the Plaintiff's objections (**ECF No. 126**) and **affirms** Judge Torres's order denying the Plaintiff's motion for appointment of counsel (**ECF No. 124**).

**Done and ordered** at Miami, Florida, on August 20, 2020.

Robert N. Scola, Jr.
United States District Judge