United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carlos Alonso, as guardian of Angie Alonso, Plaintiff. | )<br>)<br>) |
| v. | ) Civil Action No. 18-23668-Civ-Scola<br>) |
| Dr. Gladys Y. Alonso, M.D., Defendant. | )<br>)<br>) |

### Order on Motion to Strike

This matter is before the Court on the Defendant's motion to strike the Plaintiff's demand for a jury trial on all claims. (ECF No. 154.) The Plaintiff filed a response in opposition (ECF No. 164), and the Defendant filed a reply brief in support (ECF No. 165). After careful consideration of the briefs and the relevant legal authorities, the Court **grants in part and denies in part** the motion. (**ECF No. 154**.)

The parties are familiar with the relevant facts, so the Court will not recite them. The remaining claims at issue in this case involve alleged violations of (1) Title III of the Americans with Disabilities Act, *see* 42 U.S.C. § 12182; (2) the retaliation provisions of the ADA, *see* 42 U.S.C. § 12203; and (3) Section 504 of the Rehabilitation Act, *see* 29 U.S.C. § 794. (*See* ECF No. 61.) The Court will address whether the Plaintiff has a right to a jury trial under any of these claims.[1]

***First***, it is well established that Title III only provides injunctive relief, and therefore no jury trial is available for claims brought under Title III of the ADA. *See A.L. by and through D.L. v. Walt Disney Parks and Resorts US, Inc.*, 900 F.3d 1270, 1290 (11th Cir. 2018) ("Because only injunctive relief is available, a plaintiff is not entitled to a jury trial on Title III claims."); *see generally City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 710 (1999) (noting that a suit brought for legal monetary relief, as opposed to equitable injunctive relief, is entitled to a jury trial).

***Second***, while the scope and availability of monetary damages obtainable under Section 12203 remains an open question in this Circuit, the Court holds

---

[1] The Plaintiff argued that the motion is untimely. (ECF No. 164 at 1.) However, courts have held that "'parties have a great deal of latitude on the timing of motions to strike a jury demand'" and that defendants may make such a motion "even late in the lifespan of a lawsuit." *Ackner v. PNC Bank, Nat'l Assoc.*, No. 16-81648, 2017 WL 7355329, at *2 (S.D. Fla. Dec. 22, 2017) (quoting *Acciard v. Whitney*, No. 07-cv-00476, 2011 WL 4902972, at *3 (M.D. Fla. Oct. 13, 2011)). Therefore, the Court will consider the motion on its merits.

that the Plaintiff cannot obtain monetary damages here and thus is not entitled to a jury trial on this claim. Some courts, including in this Circuit, have held that no monetary damages can be obtained under Section 12203. *See Vaughan v. World Changers Church Int'l, Inc.*, No. 1:13-CV-0746-AT, 2014 WL 4978439, at *16–17 (N.D. Ga. Sept. 16, 2014) (holding that "the ADA does not authorize compensatory or punitive damages for claims of retaliation"); *see also Alvarado v. Cajun Op. Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009) ("Because we conclude that ADA retaliation claims are redressable only by equitable relief, no jury trial is available."); *Kramer v. Banc of Am. Secs., LLC*, 355 F.3d 961, 965 (7th Cir. 2004). Other courts have held that monetary remedies may be available in some circumstances. *See Rumler v. Dep't of Corr., Fla.*, 546 F. Supp. 2d 1334, 1343 (M.D. Fla. 2008) (holding that damages were available to a plaintiff alleging Section 12203 retaliation in connection with intentional employment discrimination).

However, the Court need not determine the full scope of damages available under Section 12203—the Court need only determine whether legal damages, as opposed to equitable remedies, are available here and thus whether the Plaintiff is entitled to a jury trial. As the court in *Rumler* observed, the remedies available under Section 12203 depend on the "context in which the alleged retaliation arose and the nature of the 'act or practice' opposed." *See Rumler*, 546 F. Supp. 2d at 1341 (discussing 42 U.S.C. § 12203(c)). Here, the Plaintiff alleges retaliation in connection with his protestations concerning the conduct underlying the Title III claims. (*See* ECF No. 61 at ¶¶ 82–84.) Therefore, Section 12203(c) provides remedies obtainable under Section 12188—the remedies provision for Title III. *See* 42 U.S.C. § 12203(c). As stated above, plaintiffs (with the exception of the Attorney General) cannot recover monetary damages under Section 12188 and Title III. *See Walt Disney Parks*, 900 F.3d at 1290. Therefore, the Plaintiff cannot obtain monetary damages for his Section 12203 claim and, concomitantly, has no right to a jury trial for this claim.

**Third**, however, it is also well established that plaintiffs can recover monetary damages for intentional violations of the Rehabilitation Act.[2] *See Sheely v. MRI Radio. Network, P.A.*, 505 F.3d 1173, 1192 (11th Cir. 2007) (holding that "compensatory damages are indeed available for intentional violations of the [Rehabilitation Act]"). Therefore, the Plaintiff has a right to a

---

[2] The Defendant acknowledges that a jury trial is provided for claims involving intentional violations of the Rehabilitation Act, but the Defendant argues that there is no jury trial right for claims involving unintentional violations of the Act. (ECF No. 165 at 3–4.) But as the Plaintiff only brought claims alleging intentional violations of the Act, the Court need not reach this argument. (ECF No. 61 at 14–16.)

trial by jury on these claims. *See Waldrop v. S. Co. Servs., Inc.*, 24 F.3d 152, 157 (11th Cir. 1994) (holding that "suits under § 504 provide to plaintiffs the full spectrum of remedies, such that in appropriate § 504 cases [i.e., those involving legal remedies], the Seventh Amendment allows a jury trial").

Because the Plaintiff is not entitled to a jury trial for his claims under the ADA but is entitled to a jury trial for his claims under the Rehabilitation Act, the Court will **grant in part and deny in part** the Defendant's motion. (**ECF No. 154**.) Where courts try multiple claims—some of which are entitled to a jury trial and some of which are not—involving the same facts, courts will often conduct a jury trial where the jury will be advisory as to the claims for which there is no right to a jury trial. *See, e.g.*, *Access for the Disabled v. EDZ, Inc.*, No. 8:13-CV-3158, 2016 WL 901284, at *1 (M.D. Fla. Mar. 3, 2016) (noting that "[a]s to the ADA claims, the jury verdict was advisory only"); *see also* Fed. R. Civ. P. 39(c) ("In an action not triable of right by a jury, the court . . . may try any issue with an advisory jury."). Here, the jury will act as an advisory jury as to the ADA claims while the Plaintiff's claims under the Rehabilitation Act will be subject to a binding verdict by the jury.

**Done and ordered** in Miami, Florida, on December 30, 2021.

Robert N. Scola, Jr.
United States District Judge