United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carlos Alonso, as guardian of Angie Alonso, and Fe Morejon, Plaintiffs. ) ) ) v. ) ) Dr. Gladys Y. Alonso, M.D., ) Defendant. ) | Civil Action No. 18-23668-Civ-Scola |

**Order**

This matter is before the Court on the Plaintiffs' motion for reconsideration.[1] (ECF No. 184.) The Plaintiffs primarily seek reconsideration of the Court's order dated January 31, 2022 (ECF No. 183), in which the Court denied the Plaintiffs' motion for extension of time to find an attorney (ECF No. 174), denied the Plaintiffs' motion for leave to file a third amended complaint (ECF No. 175) (collectively, the Motions), and dismissed the case. The Defendant filed a response to the motion for reconsideration (ECF No. 186), and the Plaintiffs filed a reply brief (ECF No. 187). After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the motion. (**ECF No. 184**.)

### 1. Legal Standard

Rule 59(e) permits a motion to alter or amend a judgment, but only in limited circumstances—where there is "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Considering such a circumscribed purpose, "a Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (internal quotations omitted).

> "It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the

---

[1] The Plaintiffs filed the motion for reconsideration without legal representation. As discussed below, the Court previously ruled that the Plaintiffs may not proceed in this case pro se.

Court. Such problems rarely arise and the motion to reconsider should be equally rare."

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). For these reasons, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004) (Dimitrouleas, J.) (cleaned up).

### 2. Analysis

The Plaintiffs seek reconsideration for six reasons.[2] First, the Plaintiffs contend that the Court "erroneously based its ruling in Defendant['s] false statements." (ECF No. 184 at 2.) Second, the Plaintiffs appear to argue that the Court erred in denying the Motions because the Defendant did not dispute the merits of those Motions. (*Id.* at 4.) Third, the Plaintiffs argue that the Court erred by finding that they did not cooperate with their previous attorneys. (*Id.* at 5–18.) Fourth, the Plaintiffs press that the Court denied their due process rights by granting their counsel's motion to withdraw. (*Id.* at 18–20.) Fifth, the Plaintiffs contend that the Court erred by holding that there was no good cause to file an untimely third amended complaint. (*Id.* at 5, 20–22.) Last, the Plaintiffs argue that the Court erred in not permitting them to represent their incompetent adult son pro se. (*Id.* at 22–25.) The Court will address each argument.

***First***, the Court finds that reconsideration is not warranted because of any alleged false statements made by the Defendant. The only alleged false statements to which the Plaintiffs point concern a minor dispute regarding whether the Plaintiffs conferred with the Defendant before filing the Motions. The Plaintiffs labelled the Motions as unopposed, but the Defendant's counsel countered that he never stated that the Defendant was unopposed. (ECF No. 178.) The Plaintiffs now argue that the Defendant is "lying." (ECF No. 184 at 3.) This dispute is immaterial, as the Court gave no weight to whether the Motions were opposed. Therefore, this argument provides no basis to justify reconsideration. In any event, the Court admonishes the Plaintiffs—they may not label a motion as unopposed merely because they have not received a response from the Defendant. That constitutes a misstatement to the Court, and it will not be tolerated.

***Second***, the Court also finds that the Plaintiffs' arguments concerning the inadequacy of the Defendant's opposition to the Motions does not justify reconsideration. The Defendant filed an opposition—albeit a short opposition—to

---

[2] The Plaintiffs' motion lists seven points in support of reconsideration. Recognizing the at-times inartful nature of pro se pleadings, the Court has distilled the Plaintiffs' claims to six arguments.

the Motions, addressing the timeliness of the Motions as well as the Plaintiffs' lack of cooperation with previous counsel. (*See* ECF No. 178.) Therefore, the Defendant did not fail to oppose the merits of the Motions. The Court ruled on the basis of the law and the arguments presented to it, and the Court holds that the sufficiency of the Defendant's opposition to the Motions does not provide a basis for reconsideration.

      ***Third***, the Plaintiffs have not shown legal error in the Court's finding that the Plaintiffs did not cooperate with their previous attorneys. The Plaintiffs double down, arguing that their three previous attorneys "(1) did not represent ethically and properly the case; (2) failed to do their due diligence and needed research"; and "(3) were very dishonest and unprofessional by lying to the [C]ourt[.]" (ECF No. 184 at 6.) The Plaintiffs file almost one hundred pages of correspondence with their previous attorneys in an attempt to demonstrate their attorneys' ineptitude. (ECF No. 184-1.) But to the extent that the Plaintiffs believe that their counsel did not adequately or appropriately represent them, that issue is not before the Court.

      At issue is whether the Court committed legal error in denying the Plaintiffs' motion for extension of time to find counsel. The Court found that there was no good cause for such extension because of the significant delay that has attended the Plaintiffs' previous attempts to find counsel and the Plaintiffs' demonstrated inability to work with and retain counsel. (ECF No. 183); *See Jenkins v. McCalla Raymer, LLC*, No. 1:10-CV-03732-CAP-AJB, 2011 WL 13318624, at *5 (N.D. Ga. Apr. 19, 2011) (holding that courts do not find "good cause" to extend deadlines under Rule 6(b)(1)(A) where the moving party "has been negligent, lacked diligence, acted in bad faith, or abused the privilege of prior extensions") (quoting Moore's Federal Practice - Civil § 6.06[2]). The Plaintiffs have not established that the Court erred in finding that there was no good cause for an extension of time.

      ***Fourth***, the Plaintiffs have failed to show legal error when the Court granted Mr. Palomino's motion to withdraw as the Plaintiffs' counsel shortly before the scheduled trial period began. The Plaintiffs argue that granting this motion denied their right to due process and a jury trial and that the Court denied the Plaintiffs' right to respond to Mr. Palomino's motion.[3] (ECF No. 184 at 19.) As the Court stated in its previous order, while courts typically refrain from granting a motion to withdraw shortly before trial, it is well established that

---

[3] The Plaintiffs also appear to argue that the Court denied their due process rights when the Court "denied Plaintiffs the right to respond to" the Defendant's motion for summary judgment and accompanying motion for extension of time. (ECF No. 184 at 20.) The Court gave the Plaintiffs an opportunity to respond (ECF No. 163), and then the Court denied the Defendant's motions. (ECF No. 166.)

withdrawal may still be granted. (ECF No. 172 at 2.) Moreover, the Court did not err by restricting the Plaintiffs time to respond to the motion to withdraw, as Mr. Palomino represented that the Plaintiffs did not oppose the motion. (ECF No. 170 at 4.) While the Plaintiffs may have since changed their minds, the Plaintiffs have not established a cognizable basis for reconsideration.

**Fifth**, the Plaintiffs argue that the Court erred in holding that the motion for leave to file a third amended complaint was untimely. (ECF No. 184 at 5, 21.) The Plaintiffs appear to argue that because the facts in the proposed third amended complaint "were based on the same facts initially narrated," the motion should have been granted. (ECF No. 184 at 5.) Moreover, the Plaintiffs argue that while they previously attempted to amend the complaint, their counsel decided not to seek to file a third amended complaint. (*See* ECF No. 184 at 21–22.)

As the Court previously explained, pursuant to Rule 16, a party must show "good cause" to modify a scheduling order and file an amended complaint after the deadline to do so has passed. (ECF No. 183 at 1) (citing *Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("A schedule may be modified only for good cause and with the judge's consent.")). To the extent that the Plaintiffs seek to extend the deadline to file an amended complaint, courts consider four factors: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *See Vazquez v. Uooligan Gas Station Convenience Store Inc.*, No. 2:18-cv-611, 2020 WL 7390020, at *1 (M.D. Fla. Oct. 16, 2020). While the Plaintiffs previously appeared to argue that they did not amend their complaint earlier because of vague references to "intentional misrepresentation[s]" by the Defendant (ECF No. 183 at 2), the Plaintiffs now argue that their counsels' "no-ethical behavior" prevented such a timely amendment. (ECF No. 184 at 21.) While the Plaintiffs may be unhappy with some of the legal advice they received, the Court does not find that potential disagreements with their previous counsel over case strategy constitute good cause to reopen the pleadings two years later. Therefore, this argument does not warrant reconsideration.

**Last**, the Plaintiffs argue that the Court erred when it held that the Plaintiffs may not represent their incompetent adult son. On August 20, 2020—over one year ago—the Court overruled the Plaintiffs' objections to Judge Torres's well-reasoned order finding that the Plaintiffs could not represent their son pro se. (*See* ECF No. 128.) A motion for reconsideration under Rule 59(e) must be brought within 28 days of the order, and a motion under Rule 60(b) must be brought within one year. *See* Fed. R. Civ. P. 59(e), 60(c)(1). A court may not extend the deadline to file a motion for reconsideration. *See* Fed. R. Civ.

P. 6(b)(2). Therefore, as the Plaintiffs seek reconsideration of the Court's August 2020 order finding that the Plaintiffs may not represent their son pro se, the motion is untimely, and no relief can be granted. *See McCray v. Warden, FCC Coleman-Low*, 491 F. App'x 95, 97 (11th Cir. 2012) (holding that the court did not abuse its discretion in denying an untimely motion to reconsider).

### 3. Conclusion

For the reasons set out above, the Court **denies** the Plaintiffs' motion for reconsideration. (**ECF No. 184**.)

**Done and ordered** at Miami, Florida on February 23, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies via U.S. mail to:*

Carlos Alonso
2500 W. 56th St., Apt. 1301
Hialeah, FL 33016